# Laubach *v.* Coplay Cement Manufacturing Company, Appellant.

*Negligence—Master and servant—Quarryman—Defective machinery—Case for jury.*

In an action by a quarryman against his employer to recover damages for personal injuries, it appeared that plaintiff was struck and injured by a piece of timber forming one of the braces or crosspieces at the top of the derrick, which was knocked off by collision with a bucket of stone raised from the quarry by a steam hoist. The negligence relied on by plaintiff was, first, that the derrick was defective in regard to its strength for such heavy work as it was called upon to do; and, secondly, that the steam hoist was allowed to be operated on this occasion by a boy of eighteen who was only a learner, still under instruction in the management of the engine, and who by lack of proper experience and skill ran the bucket loaded with stone, at such speed that it struck the crosspieces and caused the accident. There was testimony on both these points. *Held,* that the case was for the jury.

Argued Feb. 4, 1907. Appeal, No. 195, Jan. T., 1906, by defendant, from judgment of C. P. Lehigh Co., June T., 1905, No. 22, on verdict for plaintiff in case of Eli Laubach v. The Coplay Cement Manufacturing Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before TREXLER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,375. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Evan Holben,* with him *Arthur L. Biery,* for appellant.

*Arthur G. Dewalt* and *George W. Geiser,* for appellees, were not heard.

PER CURIAM, April 1, 1907:

Plaintiff was struck and injured by a piece of timber forming one of the braces or crosspieces at the top of a derrick, which was knocked off by collision with a bucket of stone raised from the quarry by a steam hoist. The negligence relied on by plaintiff was, first, that the derrick was defective in regard to its strength for such heavy work as it was called upon to do; and, secondly, that the steam hoist was allowed to be operated on this occasion by a boy of eighteen who was only a learner still under instruction in the management of the engine, and who by lack of proper experience and skill ran the bucket loaded with stone, at such speed that it struck the crosspieces and caused the accident. As there was testimony on both these points the court could not have taken the case from the jury.

Judgment affirmed.